UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Johnny Strickland

    Plaintiff,

v

City of Detroit, City of Detroit Police Department, James Craig, Mark Bliss, Rodney Ballinger, Steven Murdock, Casey Schimeck, Deanna Wilson, and John Does 1 through 20,

    Defendants.

Case No. 18-12640
Hon. Nancy G. Edmunds
Magistrate Judge R. Steven Whalen

| | |
|---|---|
| MARK P. FANCHER (P56223)<br>MICHAEL J. STEINBERG (P43085)<br>American Civil Liberties Union<br>Attorneys for Plaintiff<br>2966 Woodward Avenue<br>Detroit, MI 48201<br>(313) 578-6822<br>mfancher@aclumich.org<br><br>LEONARD MUNGO (P43562)<br>THE MUNGO LAW FIRM, PLC<br>Cooperating Attorney<br>American Civil Liberties Union<br>Fund of Michigan<br>333 W. Fort Street, Suite 1500<br>Detroit, MI 48226<br>(313) 963-0407<br>mungol16@msn.com | LAKENA CRESPO (P74541)<br>LETITIA C. JONES (P52136)<br>CITY OF DETROIT LAW<br>DEPARTMENT<br>Attorneys for Defendants<br>Coleman A. Young Municipal Center<br>2 Woodward Avenue, Suite 500<br>Detroit, MI 48226<br>(313) 237-3032/ (313) 237-3002<br>crespol@detroitmi.gov<br>jonelc@detroitmi.gov |

**DEFENDANT RODNEY BALLINGER'S ANSWER & AFFIRMATIVE DEFENSES IN RESPONSE TO PLAINTIFF'S COMPLAINT**
*WAIVER OF PROCESS OF SERVICE/RELIANCE ON JURY DEMAND*

## RESERVATION OF RIGHTS TO WITHDRAW DEFENSE AND/OR INDEMNIFICATION FOR DEFENDANTS

The undersigned attorney, pursuant to Section 13-11-1 of the Detroit City Code reserves the right to withdraw as counsel for the individually named Defendants in the event Defendants' representation request is not approved by the Detroit City Council.

## WAIVER OF PROCESS OF SERVICE

Pursuant to F.R.C.P. §4(e), unless federal law provides otherwise, an individual – other than a minor, an incompetent person, or a person whose waiver has been filed, may be served in a judicial district of the United States by:

(1) Following state law for serving of summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) Doing any of the following

   a. Delivering a copy of the summons and of the complaint to the individual personally;

   b. Leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

    c. Delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

As service was not done under §4(e) (2), we look to the applicable Michigan Court Rule.

    Pursuant to Michigan Court Rule §2.104 provides for personal service or by registered/certified mail with delivery restricted to the addressee. Service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A) (2).

    In the instant matter, Plaintiff served the named defendant by certified mail to the named defendant's place of employment. Someone at the office signed for the certified mail, but it is unclear who & when that occurred. Defendant Ballinger was not personally served, nor did he sign for the certified mail. It was ultimately given to him on September 9, 2018. As such, service was improper, but Defendant Ballinger will waive service at this time and acknowledge notice of suit.

                                                         _____
                                                               Rodney Ballinger

# ANSWER

Pursuant to the Federal Rules of Civil Procedure, Defendant RODNEY BALLINGER, by and through the undersigned attorney, submits his Answer & Affirmative Defenses in response to Plaintiff's Complaint that was filed on August 23, 2018, and states as follows:

1. Admits in part that Plaintiff is an African-American police officer, but denies the remainder of the allegations, as set forth in paragraph 1, for lack of knowledge.

2. Defendant denies the allegation that he suffered discrimination as set forth in paragraph 2 as untrue; as to the remainder of the allegations Defendant neither admits nor denies the allegations, as it calls for a legal conclusion.

3. Defendant admits that Plaintiff is an African American male, but denies the remainder of the allegation, for lack of knowledge, leaving Plaintiff to his proofs.

4. Defendant admits that the City is a municipal corporation, self-insured, but denies the remainder of the allegations, leaving Plaintiff to his proofs.

5. Defendant denies the allegations as the Police Department is not a legal entity that can be sued, as it has long been held that municipal departments are not legal entities amenable to lawsuit. *Michonski v. City of Detroit*, 162 Mich. App. 485, 490; 413 N.W.2d 438 (1987); *Davis v. Chrysler Corporation*, 151 Mich. App. 463, 467 fn. 1; 391 N.W.2d 376 (1986); *Laise v. City of Utica, Utica Police Department and Michael Reaves*, 970 F. Supp. 605, 608 (E.D. Mich. 1997); *Pierzynowski v. Police Dept. City of Detroit*, 941 F. Supp. 633, 637 fn. 4 (E.D. Mich. 1996). Accordingly, the caption of the instant matter should be appropriately corrected by the Plaintiff.

6. Defendant admits that James Craig is the Chief of Police, but denies the remainder of the allegation, for lack of knowledge, leaving Plaintiff to his proofs.

7. Defendant admits that Mark Bliss is an employee of the City of Detroit Police Department and is vested with supervisory authority. Defendant neither admits nor denies the remainder of the allegation, as it calls for a legal conclusion.

8. Defendant admits that he is an employee of the City of Detroit Police Department and is vested with supervisory authority. Defendant neither

admits nor denies the remainder of the allegation, as it calls for a legal conclusion.

9. Defendant admits that Steven Murdock is an employee of the City of Detroit Police Department but denies that he was a member of the K-9 unit at the time of the incident and because it calls for a legal conclusion.

10. Defendant admits that Casey Schmiek is an employee of the city of Detroit Police Department but denies the remainder of the allegation, as it calls for a legal conclusion.

11. Defendant admits that Deanna Wilson is an employee of the city of Detroit Police Department Internal Affairs Unit but denies the remainder of the allegation, as it calls for a legal conclusion.

12. Defendant can neither admit nor deny for lack of knowledge.

13. Admits.

14. Admits.

## JURISDICTION AND VENUE

15. Defendant neither admits nor denies the allegations, set forth in paragraph 15, as it calls for a legal conclusion.

16. Defendant neither admits nor denies the allegations, set forth in paragraph 16, as it calls for a legal conclusion.

17. Defendant admits that the City of Detroit maintains facilities in the District but Defendant neither admits nor denies the remainder of the allegation, leaving Plaintiff to his proofs.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

18. Defendant neither admits nor denies the allegations, set forth in paragraph 18, for lack of knowledge.

19. Defendant neither admits nor denies the allegations, set forth in paragraph 19, for lack of knowledge.

## FACTUAL ALLEGATIONS

20. Defendant admits in part that he was a police officer with the City of Detroit Police Department, but denies in part that he was on-duty at the time of the alleged incident.

21. Defendant admits in part that Plaintiff's duties are law-enforcement.

22. Defendant admits in part that Plaintiff is African American, but neither admits nor denies the remainder of the allegation, as it calls for a legal conclusion.

23. Defendant denies the allegations, set forth in paragraph 23, as untrue and in the manner and form alleged.

24. Defendant denies the allegation, set forth in paragraph 24, for lack of knowledge, leaving Plaintiff to his proofs.

25. Defendant denies the allegations, set forth in paragraph 25, for lack of knowledge, leaving Plaintiff to his proofs.

26. Defendant denies the allegations, set forth in paragraph 26, for lack of knowledge, leaving Plaintiff to his proofs.

27. Defendant denies the allegations, set forth in paragraph 27, for lack of knowledge, leaving Plaintiff to his proofs.

28. Defendant denies the allegations, set forth in paragraph 28, for lack of knowledge, leaving Plaintiff to his proofs.

29. Defendant denies the allegations, set forth in paragraph 29, as untrue.

30. Defendant denies the allegations, set forth in paragraph 30, as untrue.

31. Defendant denies that Plaintiff complained of a physical injury as untrue but neither admits not denies the remainder allegations for lack of knowledge, leaving Plaintiff to his proofs.

32. Defendant denies the allegations, set forth in paragraph 32, for lack of knowledge, leaving Plaintiff to his proofs.

33. Defendant denies the allegations, set forth in paragraph 33, for lack of knowledge.

34. Defendant denies the allegations, set forth in paragraph 34, for lack of knowledge, leaving Plaintiff to his proofs.

35. Defendant admits that at some point Mark Bliss was transferred to Internal Affairs but denies the remainder of the allegation for lack of knowledge, leaving Plaintiff to his proofs.

## CLAIMS FOR RELIEF
## FIRST CLAIM FOR RELIEF AGAINST DEFENDANT CITY OF DETROIT/DETROIT POLICE DEPARTMENT
### Racial Discrimination (Hostile Work Environment) in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq.

36. Defendant restates his responses as if fully set forth in paragraph 1-35.

37. Defendant denies the allegations, set forth in paragraph 37, as untrue.

38. Defendant denies the allegations, set forth in paragraph 38, for lack of knowledge, leaving Plaintiff to his proofs.

39. Defendant denies the allegations, set forth in paragraph 39, as untrue.

40. Defendant denies the allegations, set forth in paragraph 40, as untrue.

41. Defendant denies the allegations, set forth in paragraph 41, for lack of knowledge, leaving Plaintiff to his proofs.

42. Defendant denies the allegations, set forth in paragraph 42, for lack of knowledge, leaving Plaintiff to his proofs.

43. Defendant denies the allegations, set forth in paragraph 43, for lack of knowledge, leaving Plaintiff to his proofs.

44. Defendant denies the allegations, set forth in paragraph 44, as untrue.

45. Defendant denies the allegations, set forth in paragraph 45, as untrue.

**SECOND CLAIM FOR RELEIF AGAINST DEFENDANTS CITY OF DETROIT/DETROIT POLICE DEPARTMENT AND WILSON
Retaliation in violation of Title VII of the Civil Rights Act of 1964,
as amended, 42 U.S.C. §2000E-3(a)**

46. Defendant restates his responses as if fully set forth in paragraph 1-45.

47. Defendant neither admits nor denies the allegations, set forth in paragraph 47, as it calls for a legal conclusion, for which no response is required.

48. Defendant denies the allegations, set forth in paragraph 48, for lack of knowledge, leaving Plaintiff to his proofs.

49. Defendant denies the allegations, set forth in paragraph 49, for lack of knowldge, leaving Plaintiff to his proofs.

50. Defendant denies the allegations, set forth in paragraph 50, for lack of knowledge and it calls for legal conclusion.

51. Defendant denies the allegations, set forth in paragraph 51, for lack of knowledge and it calls for legal conclusion.

52. Defendant denies the allegations, set forth in paragraph 52, as untrue.

**THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS CITY OF DETROIT/DETROIT POLICE DEPARTMENT AND BALLINGER, BLISS, MURDOCH, CRAIG & SCHIMECK**
**42 U.S.C. §1983 Violation of the Fourth and Fourteenth Amendments –**
**Unlawful Search and Seizure**

53. Defendant restates his responses as if fully set forth in paragraph 1-52.

54. Defendant denies the allegations, set forth in paragraph 54, as untrue.

55. Defendant denies the allegations, set forth in paragraph 55, as untrue.

56. Defendant denies the allegations, set forth in paragraph 56, for lack of knowledge, leaving Plaintiff to his proofs.

57. Defendant denies the allegations, set forth in paragraph 57, as untrue.

**FOURTH CLAIM FOR RELIEF**
**Violation of Civil Rights – 42 U.S.C. §1981**

58. Defendant restates his responses as if fully set forth in paragraph 1-57.

59. Defendant denies the allegations, set forth in paragraph 59, as untrue and as it calls for a legal conclusion.

60. Defendant denies the allegations, set forth in paragraph 60, as untrue.

61. Defendant denies the allegations, set forth in paragraph 61, as untrue.

62. Defendant denies the allegations, set forth in paragraph 62, as untrue.

63. Defendant neither admits nor denies the allegations, set forth in paragraph 63, as it calls for legal conclusion.

## FIFTH CLAIM FOR RELIEF AGAINST DEFENDANT CITY OF DETROIT/DETROIT POLICE DEPARTMENT AND JAMES CRAIG
### Violations of Elliott Larsen Civil Rights Act MCL 37.2202

64. Defendant restates its responses as if fully set forth in paragraph 1-63.

65. Defendant denies the allegations, set forth in paragraph 65, for lack of knowledge, leaving Plaintiff to his proofs.

66. Defendant denies the allegations, set forth in paragraph 66, for lack of knowledge, leaving Plaintiff to his proofs.

67. Defendant neither admits nor denies the allegations, set forth in paragraph 67, as it calls for a legal conclusion.

## PRAYER FOR RELIEF

68. Defendant respectfully requests this prayer for relief be denied.

69. Defendant respectfully requests this prayer for relief be denied.

70. Defendant respectfully requests this prayer for relief be denied.

71. Defendant respectfully requests this prayer for relief be denied.

WHEREFORE, Defendant Rodney Ballinger, respectfully requests this Honorable Court to dismiss this matter in its entirety against him, with the appropriate costs and attorney fees.

Respectfully submitted,

**CITY OF DETROIT LAW DEPARTMENT**

By:   */s/ Letitia C. Jones*
      **Letitia C. Jones** (P52136)

      */s/ Lakena A. Crespo*
      **Lakena A. Crespo** (P74541)

      Attorneys for Defendant
      2 Woodward Avenue, Suite 500
      Detroit, MI 48226
      Phone:  (313) 237-3002/ (313) 237-3032
      Fax:    (313) 224-5505
      jonelc@detroitmi.gov
      crespol@detroitmi.gov

Dated:  September 18, 2018

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| Johnny Strickland | Case No. 18-12640 |
| | Hon. Nancy G. Edmunds |
| Plaintiff, | Magistrate Judge R. Steven Whalen |
| v | |
| City of Detroit, City of Detroit Police Department, James Craig, Rodney Ballinger, Rodney Ballinger, Steven Murdock, Casey Schimeck, Deanna Wilson, and John Does 1 through 20, | |
| Defendants. | |

| | |
|---|---|
| MARK P. FANCHER (P56223) | LAKENA CRESPO (P74541) |
| MICHAEL J. STEINBERG (P43085) | LETITIA C. JONES (P52136) |
| American Civil Liberties Union | CITY OF DETROIT LAW DEPARTMENT |
| Attorneys for Plaintiff | Attorneys for Defendants |
| 2966 Woodward Avenue | Coleman A. Young Municipal Center |
| Detroit, MI 48201 | 2 Woodward Avenue, Suite 500 |
| (313) 578-6822 | Detroit, MI 48226 |
| mfancher@aclumich.org | (313) 237-3032/ (313) 237-3002 |
| | crespol@detroitmi.gov |
| LEONARD MUNGO (P43562) | jonelc@detroitmi.gov |
| THE MUNGO LAW FIRM, PLC | |
| Cooperating Attorney | |
| American Civil Liberties Union Fund of Michigan | |
| 333 W. Fort Street, Suite 1500 | |
| Detroit, MI 48226 | |
| (313) 963-0407 | |
| mungol16@msn.com | |

## **DEFENDANT RODNEY BALLINGER'S SPECIAL & AFFIRMATIVE DEFENSES IN RESPONSE TO PLAINTIFF'S COMPLAINT**

In further answer, and by way of special and affirmative defenses (in addition to or in conjunction with the defenses set forth in the foregoing Answer), Defendant Rodney Ballinger, by and through the undersigned attorney, states that he will rely upon the following special and affirmative defenses, if applicable, and if supported by facts to be determined through appropriate discovery:

1. Plaintiff's claims may be barred by the doctrines of Res Judicata & Collateral Estoppel.

2. Plaintiff's claims may be barred by the statute of limitations.

3. Plaintiff's claims may be barred by the bankruptcy injunction.

4. Plaintiff's claims may be barred for failure to exhaust administrative remedies under the EEOC.

5. Plaintiff's claims may be barred for failure to exhaust administrative remedies under the applicable collective bargaining agreement.

6. Plaintiff's claims may be barred by governmental immunity *(absolute, qualified)*.

7. Plaintiff's claims should fail as he failed to state a claim upon which relief can be granted.

8. Plaintiff is unable to establish a claim of hostile work environment under Title VII or under ELCRA.

9. Plaintiff is unable to establish a claim of race discrimination under Title VII or under ELCRA.

10. Plaintiff is unable to establish a claim of retaliation under Title VII or under ELCRA.

11. Plaintiff is unable to establish a claim under 42 USC §1981.

12. Plaintiff is unable to establish a claim under 42 USC §1983.

13. Defendant requests a fact-specific response to the above stated affirmative defenses, to include providing any documentation that supports Plaintiff's claims as stated within his Complaint.

14. Defendant reserves the right to amend, supplement or otherwise modify his answer and affirmative defenses pending completion of discovery.

Respectfully submitted,

**CITY OF DETROIT LAW DEPARTMENT**

By: */s/ Letitia C. Jones*
**Letitia C. Jones** (P52136)

*/s/ Lakena A. Crespo*
**Lakena A. Crespo** (P74541)

Attorneys for Defendant
2 Woodward Avenue, Suite 500
Detroit, MI 48226
Phone: (313) 237-3002/ (313) 237-3032
Fax: (313) 224-5505
jonelc@detroitmi.gov
crespol@detroitmi.gov

Dated: September 18, 2018

## RELIANCE ON JURY DEMAND

Defendant relies upon jury demand filed by Plaintiff.

Respectfully submitted,

**CITY OF DETROIT LAW DEPARTMENT**

By: */s/ Letitia C. Jones*
**Letitia C. Jones** (P52136)

*/s/ Lakena A. Crespo*
**Lakena A. Crespo** (P74541)
Attorneys for Defendant
2 Woodward Avenue, Suite 500
Detroit, MI 48226
Phone: (313) 237-3002/ (313) 237-3032
jonelc@detroitmi.gov

Dated: September 18, 2018    crespol@detroitmi.gov

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2018, I electronically filed the Defendant Rodney Ballinger' Answer & Affirmative Defenses, Reliance on Jury Demand, and this **Certificate of Service** with the Clerk of the Court using the court's E-file & Serve system, which will serve a copy of such filing via email to all parties of record.

*/s/ Letitia C. Jones*
**Letitia C. Jones** (P74541)