UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNNY STRICKLAND,

        Plaintiff,                                    No. 18-12640

v.                                               Honorable Nancy G. Edmunds

CITY OF DETROIT,
    et al.
        Defendants.
_____/

**OPINION AND ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS, AND EXPENSES [97]**

This matter is before the Court on Plaintiff's motion for attorneys' fees, costs, and expenses. (ECF No. 97.) The Court will decide the matter without a hearing pursuant to Eastern District of Michigan Local Rule 7.1. (ECF No. 98.)

**I.    Background**

On December 21, 2022, the Court entered a final judgment in Plaintiff's favor pursuant to Federal Rule of Civil Procedure 54(b). (ECF No. 92.) Rule 54(d) provides that a prevailing party in an action may file a motion for attorneys' fees and related nontaxable expenses. Plaintiff filed a timely motion after the judgment was entered. E.D. Mich. Local Rule 54.1.2(a).

On December 5, 2022, a jury returned a verdict in Plaintiff's favor on both of the claims that went to trial: retaliation and excessive force. The jury awarded Plaintiff $150,000 in actual damages on his retaliation claim and $1 in nominal damages on his excessive force claim. Plaintiff now seeks a total of $520,279.34 in attorneys' fees, costs,

1

and expenses pursuant to Fed. R. Civ. P. 54, 42 U.S.C. § 2000e-5(k), and 42 U.S.C. § 1988. (ECF No. 97, PageID.1945.) The procedural posture, prior claims and alleged facts underlying this case have been set forth by this Court and the Sixth Circuit in prior opinions.

## II.    Standard

Under 42 U.S.C. § 2000e-5(k), "[i]n any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, . . . a reasonable attorney's fee (including expert fees) as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person." 42 U.S.C. § 2000e-5(k); *see also* 42 U.S.C. § 1988(b).

## III.    Analysis

### A.    Plaintiff is a Prevailing Party

The Supreme Court has given a "generous formulation" to the term "prevailing party" that means that "plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Farrar v. Hobby*, 506 U.S. 103, 109 (1992). "[T]o qualify as a prevailing party, a civil rights plaintiff must obtain at least some relief on the merits of his claim. The plaintiff must obtain an enforceable judgment against the defendant from whom fees are sought, or comparable relief through a consent decree or settlement, . . ." *Id.* at 111 (internal citations omitted). The Supreme Court also held that "a plaintiff who wins nominal damages is a prevailing party under § 1988." Pursuant to Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1988, Plaintiff is a prevailing party.

2

Defendants concede that Plaintiff prevailed on the two claims that went to trial, yet argue that such limited success does not justify an award of attorneys' fees and costs.

### B. Whether Plaintiff's Attorney Fees are Reasonable

Defendants point out that Plaintiff had only two claims remaining by trial and received nominal damages on each of the claims. They argue that such limited success does not warrant an award of attorneys' fees. While a nominal damage award "does not affect the prevailing party inquiry, it does bear on the propriety of fees awarded under 1988." Farrar, 506 U.S. at 114. "Once civil rights litigation materially alters the legal relationship between the parties, 'the degree of the plaintiff's overall success goes to the reasonableness' of a fee award . . . ." Id. "Indeed, 'the most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.'" Id.

"To justify any award of attorneys' fees, the party seeking compensation bears the burden of documenting its work." Gonter v. Hunt Valve Co., 510 F.3d 610, 617 (6th Cir. 2007). "The starting point for determining a reasonable fee is the lodestar, which is the product of the number of hours billed and a reasonable hourly rate." Id. at 616 (citing Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). Where the attorney has carried his or her "burden of showing that the claimed rate and number of hours are reasonable, the resulting product is presumed to be the reasonable fee to which counsel is entitled." Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 564 (1986) (internal quotation and citations omitted).

"If, . . . a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated,

3

nonfrivolous, and raised in good faith." *Hensley*, 461 U.S. at 436. "There is no precise rule or formula for making these determinations. The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success. The court necessarily has discretion in making this equitable judgment." *Id.* at 436-37. "Having considered the amount and nature of damages awarded, the court may lawfully award low fees or no fees without reciting the 12 factors bearing on reasonableness, . . . or multiplying 'the number of hours reasonably expended ... by a reasonable hourly rate,' . . . ." *Farrar*, 506 U.S. at 115 (internal citations omitted).

In this instance, Plaintiff recovered only nominal damages on one of his two remaining claims, and was awarded $150,000 on the other. "When a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, the only reasonable fee is usually no fee at all." *Id.* at 115. Therefore, argue Defendants, the Court would be justified in declining to award Plaintiff with costs and attorneys' fees. (ECF No. 104, PadeID.2526.) Yet Plaintiff was more than nominally successful on his retaliation claim, where he had limited success.

In *Farrar v. Hobby*, the Supreme Court considered a district court's award of $280,000 in attorney's fees on an action in which the court had only awarded the plaintiffs nominal damages. The court of appeals "reversed an award of attorney's fees on the ground that a plaintiff receiving only nominal damages is not a prevailing party." *Id.* at 105. The Supreme Court held that "prevailing party" status did "not turn on the magnitude of the relief obtained" however, it found that the court of appeals had "correctly reversed the District Court's fee award," noting that the district court had an "apparent failure to heed our admonition that fee awards under § 1988 were never intended to 'produce

4

windfalls to attorneys.'" *Id*. at 114-16. It noted that the district court made the award without "consider[ing] the relationship between the extent of success and the amount of the fee award." *Id*. at 115-16.

Plaintiff originally brought five claims against 8 Defendants and John Does 1 through 20. The Court dismissed Plaintiff's state law claim early. (ECF No. 5.) Further, the Detroit Police Department was dismissed early by stipulation because it was not properly named as a Defendant. (ECF No. 16.) This Court granted summary judgment to Defendants on all claims. The Sixth Circuit Court of Appeals reversed this Court on two claims, relating to two Defendants. These are the claims on which Plaintiff was ultimately a prevailing party.

Ultimately, Plaintiff was successful on 2 of 4 claims against 2 of 7 Defendants. One of the two claims, for excessive force, resulted in a nominal award of $1.00, for which the Court is within the law to deny an award of attorneys' fees. The Court acknowledges the relevance of the vindication of an excessive force claim, yet cannot ignore the nominal award as to that claim. The retaliation claim had limited success.

Plaintiff's attorneys have submitted affidavits and "billing record[s]". (Exhibits to ECF No. 97.) Plaintiff's motion for attorneys' fees and the supporting records do not acknowledge that Plaintiff was unsuccessful on half of his claims that remained at the federal court, received a nominal award on one of the two prevailing claims and limited success on the other, the trial was not particularly complex with few witnesses, and that the majority of his defendants were dismissed well before trial. Plaintiff's counsel have made no effort to parse their records for the Court. Few of the time entries are detailed enough to show what the time requested was spent on and contain the most general of

5

descriptions. Many of the billing record entries are too vague to determine the reasonableness and efficiency of the work performed.

Attorney Fancher's time entries go all the way back to drafting the initial complaint and the majority of entries are too vague to determine whether time spent was reasonable, efficient or duplicative. For example, From July 10, 2019 through July 31, 2019, the attorney spent 65.5 hours "research/drafting response to sj motion" or "drafting response to sj motion," with no indication which claims or issues this relates to. (ECF No. 97-2, PageID.1975-76.) Another 25 hours was spent on "prep for sj oral argument." (ECF No. 97-2, PageID.1976.) Attorney Davidson's records were slightly more detailed and gave an idea of topic or issue covered, for example "Research on prior bad acts for motion in limine." (ECF No. 97-4, PageID.2064.)

The Court finds Defendants' detailed arguments regarding specific time entries compelling and persuasive and agrees with much of Defendants' analysis on those entries. There are exceptions, however. For example, to the extent Defendants argue that participating in mock trial is not necessary, courts acknowledge that mock trial participation confers a benefit on the prevailing party. *See generally Sigley v. Kuhn*, 205 F.3d 1341 (Table), 2000 WL 145187, at *9 (6th Cir. Jan. 31, 2000) ("Furthermore, the costs of obtaining jurors and paying expenses for a mock trial were reasonably determined by the trial court to be recoverable on the theory that the mock trial conferred a benefit to the prevailing party by helping to produce a favorable result. Although this Circuit has never addressed the specific question of whether expenses associated with mock trials are recoverable, the Seventh Circuit has held that award of mock trial expenses is within the discretion of the district court." *Citing Charles v. Daley*, 846 F.2d

6

1057, 1076-77 (7th Cir.1988).). The Court does however, take issue with attorney fee billing to "contact volunteers for moot panel," which is a clerical task. (ECF No. 97-4, PageID.2064.)

For several reasons, as stated above and below, the Court will apply an across-the-board reduction in fees. "[I]n assessing fees, district courts are not required to act as 'green-eyeshade accountants' and 'achieve auditing perfection' but instead must simply [ ] do 'rough justice.'" *Howe v. City of Akron*, 705 F. App'x 376, 382 (6th Cir. 2017) (quoting *The Northeast Ohio Coalition for the Homeless v. Husted*, 831 F.3d 686, 703 (6th Cir. 2016)). First, an award at the level requested by Plaintiff would result in a windfall, when considered with the limited level of success on the claims and the nominal award on the excessive force claim. Next, as discussed above, many of the time entries are too vague to be adequately assessed. Also, the Court rejects the hourly rate applied by the attorneys. They have each opted for the highest hourly rate within relevant categories of the State Bar of Michigan's 2020 Economics of Law Practice report, which the Court does not find applicable in this instance.

The Court determines that an award of 40% of the time submitted is reasonable, resulting in an award of attorneys' fees in the amount of $204,790.12. The Court finds that anything greater would result in a windfall in consideration of the level of success on these claims.

**C.    Costs**

Rule 54 allows Plaintiff to recover costs and related nontaxable expenses. Fed. R. Civ. P. 54(d)(1), (2)(A). Defendants argue against providing costs for items such as

7

supplies, "which can be continuously used by the ACLU staff, . . .", as well as the travel expenses related to the ACLU attorneys' investigator.

"Rule 54(d) states that 'costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs.' [The Sixth Circuit] has held that 'this language creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court, . . . .'" *Knology, Inc. v. Insight Communications Co., L.P.*, 460 F.3d 722, 726 (6th Cir. 2006) (citation omitted). The Sixth Circuit has "identified several factors a losing party may put forward that may be sufficient to justify a district court in overcoming the presumption in favor of a cost award, including the losing party's good faith, the difficulty of the case, the winning party's behavior, and the necessity of the costs." *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001). Investigation expenses, and other expenses paid to third parties have mostly "been recoverable in the court's discretion, as costs pursuant to 28 U.S.C. § 1920." *Sigley*, 2000 WL 145187, at *9. Defendants have not overcome the presumption in favor of awarding theses costs. Upon review, the Court finds Plaintiff's expenses to be recoverable, including those of the investigator. The Court will award costs in the full amount of $8,295.04.

### IV.  Conclusion

For the reasons stated above it is hereby ordered that Plaintiff's motion for attorney's fees, costs and expenses is granted in part. The Court awards attorneys' fees to Plaintiff in the amount of $204,790.12. The Court awards costs and expenses to Plaintiff in the full amount of $8,295.04.

SO ORDERED.

<u>s/Nancy G. Edmunds</u>
Nancy G. Edmunds
United States District Judge

Dated: December 27, 2023

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 27, 2023, by electronic and/or ordinary mail.

<u>s/Lisa Bartlett</u>
Case Manager